

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 30, 1972

Hon. David K. Brinkerhoff
County Attorney
Hardeman County Courthouse
Quanah, Texas  79252

Opinion No. M-1204

Re: Whether Independent
School Districts are
barred from collecting
ad valorem taxes in-
curred prior to Decem-
ber 30th, 1939, and
related questions.

Dear Mr. Brinkerhoff:

Your request for an official opinion is as follows:

"The following questions have been presented to
me by the tax assessor-collector for Quanah
Independent School District:

"1)  Does the 1965 amendment becoming effective
July 1, 1966, to Section No. 1 of V.A.C.S.,
Art. 7336f, barring the collection of all delin-
quent ad valorem taxes prior to and including
December 31, 1939, apply to independent school
districts?  Did the Legislature intend to include
school districts in their language 'or other
defined subdivisions'?

"2)  If school taxes are not barred by Art. 7336f,
as amended, what is the statute of limitations
period applicable to school taxes with reference
to V.A.C.S., Art. 7298?

"3)  In summary, are delinquent school taxes
prior to July 1, 1941 not barred but only subject
to an affirmative defense plea of statutes of
limitations, provided school districts sue for
collection of these delinquent taxes?

-5903-

"4) Also, if school taxes are not barred by Art. 7336f, as amended, does the Board of Trustees of an independent school district have authority to cancel and relieve delinquent taxes prior to December 31, 1939, under the authority of Attorney General Opinion No. O-5095(1943)?

"Your consideration and advice with respect to the above questions will be most appreciated."

In 1935 the 44th Legislature enacted Senate Bill No. 407, becoming effective ninety days after May 2, 1935, Section 1 of which read as follows:

"The collection of all delinquent, ad valorem taxes due the State, County, Municipality or other defined Subdivision that were delinquent prior to December 31, 1919, is forever barred."

This statute was codified in Vernon's Texas Civil Statutes as Article 7336f.

In 1965 the 59th Legislature amended Section 1 of this Article to read as follows:

"The collection of all delinquent ad valorem taxes due the State, County, Municipality or other defined subdivisions that were delinquent prior to and including December 31, 1939, is forever barred."

The office of Attorney General of the State of Texas in the past, has interpreted the 1935 statute in two opinions to apply to independent school districts. Opinions No. O-5095 (1943) and No. O-6558(1945). In view of the similarity of context of the 1965 amendment, we see no reasonable basis for a change of posture as to the ambit of this limitation statute.

Therefore, our answer to your question No. 1 is that independent school districts are included in the term "or other defined subdivisions" of the statute.

Article 7298, as last amended in 1953, reads as follows:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any Statute of Limitation by way of defense against the payment of taxes due from him or her to the State, or any county, city, town, Navigation District, Drainage District, Road District, Levee Improvement District, Reclamation District, Irrigation District, Water Improvement District, Water Control and Improvement District, Water Control and Preservation District, Fresh Water Supply District, School District or other taxing authority; provided that this law shall not apply to collection of delinquent school taxes assessed prior to July 1, 1941; and provided further that no suit shall be brought for the collection of delinquent personal property taxes of any taxing authority unless instituted within four (4) years from the time the same shall become delinquent."

Our answer to your question number 2 is that Article 7336f bars the collection of all ad valorem taxes which were delinquent prior to and including December 31, 1939. Opinion Attorney General No. O-6558(1945).

Our answer to question No. 3 is: The collection of those school taxes delinquent prior to and including December 31, 1939 is barred by Article 7336f. Those school taxes on land which became delinquent after December 31, 1939 and which were assessed prior to July 1, 1941 are the proper subject of a suit for their collection, though a defense by plea of any statutes of limitation which may be authorized could be asserted. Article 7298; Attorney General Opinion Nos. O-6558, supra, V-39(1947), WW-107(1957) and WW-463(1958). However, the first provision in Article 7298 is not in itself a statute of limitation. Article 7298 does provide a clear limitation period of four years as to taxes on personal property.

Your fourth question is answered by our answers to your questions two and three.

- S U M M A R Y -

Independent school districts are included in the term "or other defined subdivisions" set out in Article 7336f, Vernon's Civil Statutes.

Delinquent school taxes assessed prior to July 1, 1941, and after December 31, 1939, are not barred from collection, but are subject to an affirmative limitation defensive plea as provided in Article 7298, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Arthur Sandlin
Carol Cunningham
Lynn Taylor
Sig Aronson

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Director

NOLA WHITE
First Assistant